POLA and MOTOI, Plaintiffs

v.

TAOFI, Defendant

and

UTU and PEPA, Intervenors

No. 9-1908

High Court of American Samoa

Civil Jurisdiction, Trial Division

["Matai" name: "Lutali"]

November 1, 1910

J. L. DWYER, *Senior Member;* and LETULI, *Associate Member*

DECISION

The ancient and respected title of LUTALI in the village of Aunuu has been the subject of bitter controversy since the death of the last incumbent, LUTALI Taimea in 1908, resulting in this trial.

Pola and Motoi, plaintiffs herein, claimed the right to nominate the next LUTALI as members of the Lauvao family and pursuant to the verbal will of LUTALI Taimoa, deceased, desired to confer the name upon the son and heir of the deceased chief, one Totuga of Aunuu. Taofi, defendant, disputed this claim, insisting that for many years the Taofi had sole and exclusive control of the succession to the name LUTALI, even to the exclusion of a lineal male de-

scendant. Defendant Taofi even made preparations for the formal naming of his own son Fatu to the name in the face of objections from the other members of the family. A few days before the trial of this case, Utu and Pepa of Amouli filed a claim to the right to name a successor to the name LUTALI, denying both the claim of Pola and Motoi, plaintiffs, and the claim of Taofi, defendant, and likewise claiming exclusive control over the succession. Utu and Pepa were permitted to intervene in order that all claims to the name might be settled in one trial, and the case resolved itself into a triangular controversy between the three opposing sides; Pola and Motoi representing Totuga, son of the deceased chief; Taofi, representing Fatu, his own son; and Utu and Pepa, claiming the right to name without designating their choice.

The three sides presented to the Court their statements of the genealogy of the successive LUTALIS from far back in the distant past up to the time of the deceased chief. These genealogies differed in some essentials, but in many instances corroborated each other. This Court therefore accepted as the genealogy of the family such evidence as was corroborated by either or both of the opposing parties.

From the genealogy accepted by this Court, it is apparent that the late chief LUTALI Taimoa was the son of LUTALI Malulu, the son of LUTALI Leaituolevainuu who in turn was a son of LUTALI Alii. This Court rejects the evidence given as to genealogy prior to the time of LUTALI Alii, as the traditions appear contradictory and confused, involving ghost stories and fantastic tales of the origin of the name, which may pass current around the fireside of the family, but cannot be seriously considered in a court of law. There have been, in addition a half dozen persons, other than those mentioned, who have borne the name, but who were either adopted sons or were more distantly related.

Defendant Taofi claims that LUTALI Alii named his own son LUTALI, but afterwards transferred the entire control of the name to the Taofi family. This statement appeared somewhat unusual to the Court, and defendants attempted to explain it by stating that LUTALI had gone to Manua, leaving a vacancy in the title. Taofi asserts that his family had exercised this control at the naming of each successive LUTALI down to the deceased chief, LUTALI Taimoa. Defendant is very positive in his testimony upon this point. He gives the name of each LUTALI since LUTALI Alii, and the contemporary Taofi who conferred the name. However, no Taofi ever held the LUTALI and it will be noted that the name has not passed out of the control of the true descendants of LUTALI Alii, as the present Taofi proposed to do with it. The true descendants of LUTALI Alii have ultimately come into their inheritance, although at times adopted sons and other relatives have held the name. Taofi's claim of absolute and entire control cannot be entertained by this Court. It is vigorously repudiated by both of the other sides, and is of such a nature as would require the clearest and most indubitable proof to sustain. In considering the arbitrary and illogical conduct of Taofi and his testimony upon the witness stand, the Court will state in passing that Taofi's claim seems to have been based upon an arbitrary assumption of right by the Taofi family.

The Court has been fortunate in having before it the testimony of Taofi, Utu and of LUTALI Taimoa, deceased, upon the subject of the name LUTALI, as given in the case *Utu et al. v. Taofi et al.* (H.C. No. 6-1903) from which it was enabled to compare the statements of the witnesses in this trial with their testimony in the former trial. The testimony of Lutali Taimoa was of especial value to the Court. There was no testimony whatever in that case, showing that Taimoa held merely a life-interest in the name LUTALI, or that he was unable to pass it down to his lineal descendants.

239

Upon a consideration of the claim of Utu and Pepa, there is little evidence to sustain it. For many years, Utu, an Amouli chief, has claimed an interest in the name Lutali, and at one time, the Utu family actually named one Tui to the name of LUTALI. Tui was not recognized in the island of Aunuu and it seems that he was driven to the mainland village of Amouli, where he soon discontinued using the name of LUTALI. Presumably, the name LUTALI was about as important in Amouli as the name Mauga would be in the Gilbert Islands. Aside from this incident, Utu had nothing tangible to offer to the Court. His testimony was, however, valuable in so far as it corroborated or rebutted the traditions presented by the other two sides.

All of the testimony presented was open to the objection that it was given by interested witnesses. The only witnesses called were the parties themselves, Pola, Motoi, Taofi and Utu. In each instance, their bias was most apparent, and each witness seemed more anxious to prevail than to adhere to the truth, the whole truth and nothing but the truth. Notwithstanding, there was one salient fact, admitted by all parties, i.e., that LUTALI Taimea left a male heir of suitable age, to wit, his son Totuga. Even the plaintiffs Pola and Motoi exerted their energies in the endeavor to convince the Court that the right to name a successor was a prerogative of the Lauvao family, instead of asserting Totuga's right to succeed to his father's name.

In deciding this case, let it be understood that the Court does not recognize any superior right of the Lauvao family. If the Taofi family had presented the name of Totuga as their candidate in opposition to another candidate named by the Lauvao family, the Taofi family would prevail to the extent that the Lauvao family has in this case.

Let a certificate issue, declaring Totuga to be the rightful holder of the name LUTALI:—

Costs, $60.00 will be divided equally between the parties.